09-0558-ag
Shabaj v. Holder

## UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: January 11, 2010    Decided: April 12, 2010)

Docket No. 09-0558-ag

- - - - - - - - - - - - - - - - - - - - -x

PAULIN SHABAJ,

Petitioner,

- v.-

ERIC H. HOLDER, JR., Attorney General
of the United States of America

Respondent.

- - - - - - - - - - - - - - - - - - - - -x

Before:        JACOBS, Chief Judge, SACK and HALL,
               Circuit Judges.

The Petitioner's removal order was premised on his entry as an Italian national under the Visa Waiver Program, which waives any defense to removal other than asylum.  He petitions for review on the ground that, as an Albanian, he was ineligible for the visa waiver.  Since he attempted entry using a fake passport from a Visa Waiver Program nation, his removal was properly administered under that

program, and his petition for review is therefore denied.

MICHAEL P. DiRAIMONDO
(Marialania L. Masi, Stacy A.
Huber on the brief), DiRaimondo
& Masi, LLP, Melville, New York,
for Petitioner.

ANDREW B. INSENGA (Daniel E.
Goldman, Tony West, on the
brief), U.S. Department of
Justice Office of Immigration
Litigation, Washington, D.C.,
for Respondent.

DENNIS JACOBS, Chief Judge:

Paulin Shabaj petitions for review of a January 26, 2009 removal order of the Department of Homeland Security ("DHS"). Shabaj, a native and citizen of Albania, arrived in the United States in November 2000 bearing a false passport of Italy, whose citizens are eligible to enter the United States under the Visa Waiver Program that allows individuals from certain nations to visit the United States without a visa for up to 90 days. See 8 U.S.C. § 1187(a). On the flight here he signed a form I-94W Nonimmigrant Visa Waiver Arrival/Departure Form using the name on his fake Italian passport. Form I-94W specifies that in exchange for the benefit of entering under the expedited process of the Visa Waiver Program, the signing alien agrees to waive any

2

right to challenge removability except by way of an asylum claim.

When Shabaj was detained upon arrival, he sought asylum and was referred to an Immigration Judge for an asylum-only proceeding. See 8 U.S.C. § 1187(b)(2). Asylum was denied on October 3, 2001; Shabaj's appeal was denied by the BIA on February 25, 2003; and his motions to reopen before the BIA were denied on December 21, 2004 and March 10, 2005.

Within four months of the March 10 order, Shabaj married a United States citizen, and twice applied for status adjustments and waivers of inadmissibility; the applications were denied. Upon the denial of the second application on January 26, 2009, a final order of removal was issued pursuant to 8 C.F.R. § 217.4(b).[1]

---

[1] The authority the government cites for the removal order is subsection (b) of 8 C.F.R. § 217.4, which concerns persons who have been "admitted" under the Visa Waiver Program. See 8 C.F.R. § 217.4(b)(1). There is nothing in the record to establish whether he was "admitted" when his passport was found to be fake, or whether he was paroled into the United States pending asylum-only proceedings (in which latter event, authority for his removal would have been found under subsection (a) of 8 C.F.R. § 217.4). However, the procedural section of the removal order recites that Shabaj has been "admitted" under Section 217. And the only ground on which Shabaj challenges the jurisdiction of the DHS officer who ordered his removal is that Shabaj was not properly considered an *applicant* under the Visa Waiver Program--which he assuredly was. Therefore, any other argument on this point is waived, see **Norton v. Sam's Club**,

"We review the agency's factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). "We review de novo questions of law and the application of law to undisputed fact." Bah, 529 F.3d at 110.

"Aliens admitted under [the Visa Waiver] [P]rogram forfeit any right to challenge their removal, except that they may apply for asylum." Kanacevic v. INS, 448 F.3d 129, 133 (2d Cir. 2006) (citing 8 U.S.C. § 1187(b)). Aliens who do not waive the right to review or contest removal "other than on the basis of an application for asylum" "may not be provided a waiver under the program." 8 U.S.C. § 1187(b).

Shabaj argues that he was not an applicant under the Visa Waiver Program because Albanians are ineligible for it,

**145 F.3d 114, 117 (2d Cir. 1998),** and would in any event be futile.

The only remedy Shabaj seeks is to remain in the United States while he appeals before the DHS its denial of his waiver of inadmissibility and status adjustment applications. As Shabaj did not submit sufficient evidence to support a waiver of inadmissibility in this most recent application, there is no reason to believe his appeal before the DHS will be any more successful than his two previous failed attempts to get a waiver. Cf. Xiao Ji Chen v. U.S. DOJ, 471 F.3d 315, 339 (2d Cir. 2006).

4

see 8 U.S.C. § 1187(a), and that the order directing his removal pursuant to the Visa Waiver Program statute (permitting asylum-only removal proceedings) is "invalid and unlawful."

We hold that Shabaj is bound by the terms of the program notwithstanding that he used a fraudulent passport to obtain the benefit of expedited entry for which his waiver was given quid pro quo.[2] The regulation implementing the statute treats someone who applies under the Visa Waiver Program using fraudulent papers as bound by its provisions:

> An alien who applies for admission under the provisions of section 217 of [the Visa Waiver Program] . . . who is in possession of and presents fraudulent or counterfeit travel documents, will be refused admission into the United States and removed. Such refusal and removal shall be made . . . without referral of the alien to an immigration judge for further inquiry, examination, or hearing, except that an alien who presents himself or herself as an applicant for admission under section 217 of the [the Visa Waiver Program] and applies for asylum must be [afforded an asylum-only proceeding].

8 C.F.R. § 217.4(a)(1). As the DHS interprets this

---

[2] There is no reason to disturb the agency's factual finding that Shabaj presented his fake Italian passport upon landing, nor its conclusion that Shabaj properly waived his right to get access to broader removal proceedings. To the extent those are even necessary preconditions to considering someone to be a Visa Waiver Program applicant, the agency properly found them met.

regulation, it is applicable to anyone who seeks admission under the Visa Waiver Program using a passport from a nation included in the Visa Waiver Program, whether the passport is valid or bogus. See Zine v. Mukasey, 517 F.3d 535, 543 (8th Cir. 2008); see also id. ("If [petitioner's] interpretation of the [Visa Waiver Program] were correct, ineligible aliens who fraudulently abuse the Program would receive the benefits of [Visa Waiver Program] entry but be free of the Program's restrictions.").

This Court has held that someone in an analogous factual situation was properly considered a Visa Waiver Program applicant. In Kanacevic, the petitioner was a citizen and national of a non-Visa Waiver Program nation who arrived and displayed a fraudulent passport purporting to be from a Visa Waiver Program nation. 448 F.3d at 132-33. We held that, because asylum is the only remedy that could be sought by a Visa Waiver Program applicant, the denial of the petitioner's asylum claim constituted a final order of removal from which the petitioner could appeal. See id. at 133-35. This is an implicit ruling that someone in Shabaj's position--a fraudulent Visa Waiver Program applicant--is a Visa Waiver Program applicant nevertheless.

Shabaj was properly adjudicated as a Visa Waiver Program applicant. He has received all the removal process to which he was entitled, and was properly determined to be removable. The petition for review is denied.