**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1589
_____

HUI HUA XIAO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Administrative Order of
the Department of Homeland Security Ordering
Removal pursuant to 8 U.S.C. § 1187
(A077-772-272)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012

Before: FISHER, WEIS and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2012)
_____

OPINION
_____

PER CURIAM.

    Hui Hua Xiao, a native and citizen of China, presented a fraudulent Japanese

passport to customs officials in an attempt to gain entry to the United States under the

1

Visa Waiver Program ("VWP"), 8 U.S.C. § 1187.  Relying upon the provisions of the VWP which authorize summary removal, an agent with Immigration and Customs Enforcement ("ICE"), an arm of the Department of Homeland Security, ordered Xiao's removal from the United States.  Xiao petitions this Court for review, arguing that, because he only attempted to enter, but was not granted entry, under the VWP, he is entitled to a removal proceeding before an immigration judge.  We conclude that ICE properly applied the VWP in ordering removal and will deny Xiao's petition for review.

## I.

The relevant facts are undisputed and can be recounted briefly.  In 1999, Xiao arrived at Chicago O'Hare International Airport on a flight from Japan, where he had been residing illegally.  Xiao sought admission under the VWP, a program that allows non-immigrant visitors from designated countries to enter the United States without a visa and to remain for up to ninety days, provided the visitor complies with various statutory and regulatory requirements.  See Bradley v. Att'y Gen., 603 F.3d 235, 238 (3d Cir. 2010).  Xiao presented a Japanese passport bearing a photograph of himself and the name "Toshiaki Tanaka."  (Japanese citizens, unlike Chinese citizens, are eligible for VWP admission.  See 8 C.F.R. § 217.2(a).)  As required for admission under the VWP, Xiao also completed Form I-94W, which waived his right to contest any action for removal, other than on the basis of an application for asylum.  See 8 U.S.C. § 1187(b)(2).

When questioned at the airport, Xiao conceded under oath that the Japanese passport was fake and that he is a Chinese citizen.  Xiao was detained and refused

admission to the United States. In a subsequent interview, Xiao expressed fear of returning to China due to, inter alia, alleged persecution on account of his religion. The government referred his case to an immigration judge by issuing a Notice to Appear, which charged Xiao as removable under various provisions of the Immigration and Nationality Act ("INA"). In addition, the government released Xiao from custody and paroled him into the country under 8 U.S.C. § 1182(d)(5) (affording the Attorney General discretion to parole temporarily an alien applying for admission, "but such parole of such alien shall not be regarded as an admission of the alien").

Thereafter, Xiao filed an application for asylum. In 2003, an immigration judge in New York terminated Xiao's removal proceeding, explaining that, because Xiao sought entry under the VWP, the government must issue a Notice of Referral (which commences an asylum-only proceeding before an immigration judge) not a Notice to Appear (which commences a removal proceeding under INA § 240).[1] The government promptly issued a Notice of Referral, and in 2006 an immigration judge in Boston denied Xiao's asylum claim. Xiao appears not to have appealed that decision.

On February 17, 2011, an ICE agent issued a summary removal order under the VWP, determining that Xiao is inadmissible under 8 U.S.C. §§ 1182(a)(6)(C)(i) and 1182(a)(7)(A)(i)(II) because he willfully misrepresented a material fact in attempting to

---

[1] "VWP participants who apply for asylum are granted 'asylum-only' hearings." Shehu v. Att'y Gen., 482 F.3d 652, 655 (3d Cir. 2007). "If the applicant is denied relief in those proceedings, the VWP participant can be removed without any further process." Id.

gain admission to the United States.  Xiao timely filed a petition for review.

**II.**

We have jurisdiction under 8 U.S.C. § 1252(a) because ICE's order constitutes a final order of removal.  See Bradley, 603 F.3d at 237 n.1.  Xiao contends on appeal that ICE had no authority to order his removal.  He concedes that he engaged in a fraudulent attempt to enter this country under the terms of the VWP, but he argues that ICE cannot remove him summarily because he was never actually granted entry as a VWP participant.  We discern no error in the removal order.

Non-immigrant visitors who wish to benefit from the process of expedited admission provided by the VWP "must waive certain procedural rights afforded other aliens within this country[.]"  Vera v. Att'y Gen., 672 F.3d 187, 190 (3d Cir. 2012).  Among other things, "a VWP visitor must waive his or her rights to contest the government's admissibility determinations and removal actions, except that the alien may contest removal actions on the basis of asylum."  Id. (quoting Bradley, 603 F.3d at 238) (quotation marks omitted).  To this end, a VWP applicant is required, "prior to admission to the United States, [to] present United States officers with a 'completed, signed Form I-94W, Nonimmigrant Visa Waiver Arrival/Departure Form,' ... which contains an express waiver of any possible right to contest admissibility determinations and removal actions."  Id. (quoting 8 C.F.R. § 217.2(b)(1)).

Federal regulations adopted to implement the VWP do not afford different treatment to aliens, like Xiao, who apply for VWP admission with fraudulent travel

4

documents and fail to gain entry under the program:

> An alien who applies for admission under the provisions of section 217 of the Act [i.e., the VWP] ... who is in possession of and presents fraudulent or counterfeit travel documents, will be refused admission into the United States and removed. Such refusal and removal shall be made at the level of the port director or officer-in-charge, or an officer acting in that capacity, and shall be effected without referral of the alien to an immigration judge for further inquiry, examination, or hearing, except that an alien who presents himself or herself as an applicant for admission under [the VWP] and applies for asylum in the United States must be issued a Form I-863, Notice of Referral to Immigration Judge, for [an asylum-only proceeding].

8 C.F.R. § 217.4(a)(1).

Section 217.4(a)(1) forecloses Xiao's argument here. The regulation makes clear that an alien who "applies" for VWP admission with a fraudulent travel document will be refused admission and removed summarily, unless the alien requests asylum. Section 217.4(a)(1) thus "treats someone who applies under the [VWP] using fraudulent papers as bound by its provisions[.]" Shabaj v. Holder, 602 F.3d 103, 105 (2d Cir. 2010). Furthermore, the summary removal procedure applies "to anyone who seeks admission under the [VWP] using a passport from a nation included in the [VWP], whether the passport is valid or bogus." Id. at 106; see also In re Kanagasundram, 22 I. & N. Dec. 963, 964 (BIA 1999) (explaining that "the provisions of 8 C.F.R. § 217.4 are not limited to aliens who are actually nationals of VWP[] designated countries, but specifically encompass individuals who present fraudulent and counterfeit travel documents from such countries."). Consequently, "a fraudulent [VWP] applicant ... is a [VWP] applicant

5

nevertheless." Shabaj, 602 F.3d at 106.

Xiao concedes that he applied for admission under the VWP using a fraudulent passport in an effort to pass himself off as a citizen of Japan, a VWP-designated country. In addition, Xiao does not dispute that he executed Form I-94W, which waived his right to challenge the determination that he is removable. Xiao was afforded an asylum-only proceeding, as contemplated by the VWP, and an immigration judge denied that relief. On this record, ICE was authorized to order removal without further proceedings before an immigration judge. See Shabaj, 602 F.3d at 105 (holding that VWP applicant was "bound by the terms of the program" notwithstanding that he used a fraudulent passport to apply for admission); Zine v. Mukasey, 517 F.3d 535, 542-43 (8th Cir. 2008) (rejecting the argument that an alien who is ineligible to enter under the VWP should not be bound by its restrictions).

While Xiao expresses a desire for a removal proceeding under INA § 240 so that he can apply for relief before an immigration judge and seek to adjust his status, Xiao's attempted VWP entry subjected him to removal without further process. "[T]he need for summary removal procedures to enforce the conditions of ... the VWP is obvious. If individual hearings before already overworked immigration judges were required before an alien ... could be removed summarily the program might become unmanageable." Vera, 672 F.3d at 198. Finally, Xiao suggests that the government's initial issuance of a Notice to Appear coupled with its decision to parole him into the country somehow conferred a right to have an immigration judge determine his removability. Xiao fails,

6

however, to cite any authority in support of this argument, and we reject it on the record in this case. We hold that ICE did not err in ordering Xiao's removal under the VWP.

### III.

For the foregoing reasons, we will deny the petition for review.