Shabaj v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————————

August Term, 2012

(Argued:  October 15, 2012

Decided: January 15, 2013
Amended: April 25, 2013)

———————————————————————————

PAULIN SHABAJ,

*Plaintiff-Appellant*,

—v.—

ERIC H. HOLDER, JR., Attorney General; DEPARTMENT OF HOMELAND SECURITY; JANET NAPOLITANO, Secretary, Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; LORI SCIALABBA, Deputy Director, United States Citizenship and Immigration Services; ANDREA QUARANTILLO, District Director, New York District Office; PERRY RHEW, Chief, Administrative Appeals Office,

*Defendants-Appellees*.

Docket No. 12-703 (ag)

———————————————————————————

B e f o r e : KEARSE and KATZMANN, *Circuit Judges*, and GLEESON,[*] *District Judge*.

———————————

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a December 21, 2011 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) dismissing Plaintiff-Appellant's complaint for lack of jurisdiction.  We hold that the district court lacked jurisdiction to review the United States Citizenship and Immigration Services' discretionary decision to deny Plaintiff-Appellant's application for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1) because judicial review of such decisions is available only for "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."  8 U.S.C. § 1252(a)(2)(D).  **AFFIRMED**.

_____

MICHAEL P. DIRAIMONDO (Marialaina L. Masi and Stacy A. Huber, *on the brief*), DiRaimondo & Masi LLP, Melville, N.Y., *for Plaintiff-Appellant.*

PATRICIA L. BUCHANAN, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., *for Defendants-Appellees.*

_____

PER CURIAM:

Plaintiff-Appellant Paulin Shabaj ("Shabaj") appeals from a December 21, 2011 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) dismissing his complaint.  The judgment was entered in accordance with a December 19, 2011 order holding that the district court lacked jurisdiction to review the decision of the United States Citizenship and Immigration Services ("CIS") to deny Shabaj's application for a waiver of inadmissibility pursuant to section 212(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(i) (a "212(i) waiver").  Because the plain language of the INA provides that judicial review of such decisions is available only for "constitutional claims or questions of law raised upon a *petition for review filed with an appropriate court of appeals*," 8 U.S.C. § 1252(a)(2)(D) (emphasis added), the district court correctly determined that it lacked jurisdiction to adjudicate Shabaj's claims.  The judgment of the district court is therefore **AFFIRMED**.

-2-

## BACKGROUND

Shabaj, a native and citizen of Albania, arrived in the United States in November 2000 bearing a false passport of Italy. *See Shabaj v. Holder*, 602 F.3d 103, 104 (2d Cir. 2010).[1] Shabaj was detained upon arrival, and he was referred to an Immigration Judge for an asylum-only proceeding. *Id.* Shabaj's attempts to obtain asylum in the United States ultimately proved unsuccessful. *See generally id.* at 104-06.

While asylum proceedings were ongoing, Shabaj married a United States citizen in July 2005. CIS concluded that Shabaj's marriage was bona fide and approved his wife's marriage-based visa petition (immigration form I-130), which allowed Shabaj to file an application for adjustment of status. However, because Shabaj had attempted to enter the United States by fraud, he was also required to file an application for a waiver of inadmissibility pursuant to INA section 212(i), which provides that the Attorney General may, in his discretion, waive an immigrant alien's inadmissibility if "the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien." 8 U.S.C. § 1182(i); *see also Jun Min Zhang v. Gonzales*, 457 F.3d 172, 174 (2d Cir. 2006) (indicating that alien who has engaged in immigration fraud cannot adjust status absent a waiver of inadmissibility under INA § 212(i)).

Shabaj filed two separate applications for adjustment of status and a waiver of inadmissibility, which CIS denied in February 2007 and January 2009, respectively. On May 2, 2011, CIS's Administrative Appeals Office ("AAO") dismissed Shabaj's appeal, concluding that

---

[1] Citizens of Italy are eligible to enter the United States under a Visa Waiver Program that allows individuals from certain nations to visit the United States without a visa for up to 90 days. *See Shabaj*, 602 F.3d at 104.

Shabaj had failed to demonstrate that his U.S. citizen wife would suffer extreme hardship if he were removed from the United States.

On July 14, 2011, Shabaj filed the instant lawsuit in the United States District Court for the Southern District of New York. The complaint alleged, *inter alia*, that CIS's decision to deny his section 212(i) waiver application was erroneous as a matter of law. Shabaj maintained that his action arose under both the Immigration and Nationality Act and the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, asserted that the district court had subject matter jurisdiction under 28 U.S.C. § 1331, and requested that the court "grant relief pursuant to the APA, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and 28 U.S.C. § 1361." Complaint ¶ 1.

On December 19, 2011, the district court issued an order granting the government's motion to dismiss the complaint and denying Shabaj's cross-motion for judgment on the pleadings. The district court held that it did not have subject matter jurisdiction to review CIS's denial of Shabaj's 212(i) waiver application because 8 U.S.C. § 1182(i)(2) expressly provides that "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissibility]." 8 U.S.C. § 1182(i)(2). In reaching this conclusion, the district court rejected Shabaj's argument that it had jurisdiction under 8 U.S.C. § 1252(a)(2)(D), because that section permits judicial review of discretionary section 212(i) waivers only for "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).[2]

---

[2] The Department of Homeland Security issued a removal order against Shabaj on January 26, 2009. In August of 2011, Shabaj agreed to comply with his removal order by purchasing his own plane ticket to leave the United States, but he subsequently received an administrative stay

**DISCUSSION**

"Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Id.* (internal quotation marks omitted).

As indicated above, Shabaj's complaint asserts that CIS's decision to deny him waiver of inadmissibility under 8 U.S.C. § 1182(i)(1) was erroneous as a matter of law. However, subparagraph 2 of § 1182(i) provides that "[n]o court shall have jurisdiction to review a decision or action of the Attorney General[3] regarding a waiver [of inadmissibility] under paragraph (1)." 8 U.S.C. § 1182(i)(2). Similarly, 8 U.S.C. § 1252 provides that with respect to denials of discretionary relief, and "regardless of whether the judgment, decision, or action is made in removal proceedings," "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section [1182(i)]." 8 U.S.C. § 1252(a)(2)(B); *see also Jun Min Zhang*, 457 F.3d at 175 ("The REAL ID Act of 2005 instructs us to treat this petition [for review of the Board of Immigration Appeals' determination that an alien does not satisfy the extreme-hardship

---

of his removal until March 30, 2012. Following the expiration of the stay, Shabaj purchased his own ticket and, on April 28, 2012, departed the United States pursuant to his removal order.

[3] Although CIS is a unit of the Department of Homeland Security ("DHS"), the Homeland Security Act of 2002 mandates that references to the Attorney General are deemed to include DHS where, as here, the relevant agency functions have been transferred from the Department of Justice to DHS. 6 U.S.C. § 557.

standard of § 1182(i)(1)] as a petition for review under 8 U.S.C. § 1252.").  The § 1182(i)(1)

hardship determination is discretionary, *see Camara v. Dep't of Homeland Sec.*, 497 F.3d 121,

124 (2d Cir. 2007) (per curiam), and we therefore lack jurisdiction to review it unless an

exception to 8 U.S.C. §1252(a)(2)(B) applies.[4]

> The exception Shabaj relies on is codified at 8 U.S.C. § 1252(a)(2)(D), which provides:
>
> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Shabaj argues that because his claims purportedly raise "constitutional claims or questions of

law," § 1252(a)(2)(D) applies and the denial of those claims is subject to judicial review.  *See,*

*e.g.*, *Sumbundu v. Holder*, 602 F.3d 47, 54 (2d Cir. 2010) (noting that courts of appeals retain

jurisdiction to review the agency's hardship determinations for constitutional claims and

questions of law).

> Even assuming, however, that Shabaj's complaint actually had raised "constitutional

claims or questions of law," Shabaj's argument ignores the statute's requirement that any such

claims must be raised "upon a *petition for review filed with an appropriate court of appeals*."  8

U.S.C. § 1252(a)(2)(D) (emphasis added).  Thus, while *this court* would have jurisdiction to

review any constitutional claims or questions of law properly raised in a petition for review, the

---

[4]  *See Nethagani v. Mukasey*, 532 F.3d 150, 154 n.2 (2d Cir. 2008) ("We have concluded that § 1252(a)(2)(B)(ii) strips our jurisdiction to review grants or denials of . . . [h]ardship waivers under 8 U.S.C. § 1182(i)."); *Camara*, 497 F.3d at 124 ("[W]e lack jurisdiction to review challenges to factual and discretionary determinations leading to the denial of a petition for review where a jurisdiction-denying provision of the INA is implicated, unless, of course, the petitioner raises a constitutional claim or a question of law.").

*district court* did not have jurisdiction to review Shabaj's challenge to CIS's discretionary hardship determination.[5]

Shabaj correctly points out that at least two district courts in this Circuit have exercised jurisdiction to review purported errors of law in CIS's hardship determinations. *See Saati v. Holder*, 10 Civ. 1345 (MAD/DEP), 2011 WL 2975478 (N.D.N.Y. July 21, 2011); *Chen v. Napolitano*, 651 F. Supp. 2d 63 (S.D.N.Y. 2009). Those decisions, however, never addressed or acknowledged, as they should have, the limitation in § 1252(a)(2)(D) providing that petitions for review raising constitutional claims or questions of law must be filed in the appropriate *court of appeals*.

Finally, relying largely on our decision in *Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008), Shabaj argues that jurisdiction was proper in the district court under the APA and 28 U.S.C. § 1331. However, the judicial review provisions of the APA do not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). In this case, judicial review of CIS's hardship ruling is precluded by 8 U.S.C. § 1182(i)(2) and 8 U.S.C. § 1252(a)(2)(B). Although we held in *Sharkey* that 8 U.S.C. § 1252(a)(2)(B) did not strip the district court of jurisdiction to consider Sharkey's claims that CIS previously granted her legal permanent resident ("LPR") status, owed her proof of that status, and unlawfully rescinded that status, our decision was based on the fact that none of Sharkey's claims would "subject to judicial review

---

[5] The government contends that a petitioner could never file a "petition for review" of a CIS hardship determination because petitions for review are only available for challenges to orders of removal, and CIS determinations are not made as part of removal proceedings. However, we need not decide whether a petitioner could file a "petition for review" of a CIS hardship determination directly with this court because, in this case, Shabaj filed his legal challenge in the district court, which indisputably lacked jurisdiction under § 1252.

any discretionary decision by the agency." *Sharkey*, 541 F.3d at 85. Rather, the district court in that case would "simply seek to determine what decision was made, not whether the decision was correct or a proper exercise of discretion." *Id; see also id.* at 86 ("Section 1252(a)(2)(B)(i) does not bar the district court from deciding Sharkey's unlawful rescission claim because the agency has a *non-discretionary* duty to commence rescission procedures prior to rescinding LPR status . . . ."); *id.* at 87 ("[B]ecause the agency has a non-discretionary duty to provide LPRs with proof of their status, Section 1252(a)(2)(B) does not strip the district court of jurisdiction to review whether Sharkey is owed proof of her status." (internal citation omitted)). In this case, by contrast, Shabaj seeks "*de novo* review of [his] waiver application," Pl.'s Br. at 5, which would subject to judicial review CIS's discretionary determination that Shabaj should not be granted a waiver of inadmissibility. Thus, *Sharkey* is inapplicable, and Shabaj's claim must fail.

## CONCLUSION

Because the district court properly concluded that it lacked jurisdiction to adjudicate this case, we need not consider the government's remaining arguments that Shabaj's removal from the United States renders this appeal moot and that Shabaj failed to identify any legal errors in CIS's decision. For the reasons stated herein, the order of the district court is **AFFIRMED**.