19-979
*Thanasi v. Garland*

BIA
Brennan, IJ
A205 809 380

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
DENNY CHIN,
            *Circuit Judges*,
PAUL A. ENGELMAYER,
            *District Judge.**

───────────────────────────

ARTUR THANASI, AKA IOANNIS
MICHALOPOULOS,
            *Petitioner*,

v.                                                    **19-979**

MERRICK B. GARLAND, UNITED STATES

───────────────────────────

\*      Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

ATTORNEY GENERAL,

Respondent.[†]

_____

FOR PETITIONER:             Oleh R. Tustaniwsky, Esq., Brooklyn, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant Attorney
                                      General; Stephen J. Flynn , Assistant Director;
                                      Jessica R. Lesnau, Trial Attorney, Office of
                                      Immigration Litigation, United States
                                      Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Artur Thanasi, a citizen of Albania, seeks review of a March 13,

2019 decision of the BIA denying his motion to remand and affirming a November 16,

2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). *In re Artur Thanasi*, No. A

205 809 380 (B.I.A. Mar. 13, 2019), *aff'g* No. A 205 809 380 (Immig. Ct. N.Y. City Nov. 16,

2017). We assume the parties' familiarity with the underlying facts and procedural

history.

We review the IJ's decision as modified by the BIA's decision, *i.e.*, minus

those credibility findings that the BIA declined to rely on. *See Xue Hong Yang v. U.S.*

_____

[†]        Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General
Merrick B. Garland is substituted for former Acting Attorney General Robert M. Wilkinson.

2

*Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We uphold the factual findings of the agency so long as they are supported by substantial evidence in the record, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "[w]e defer . . . to an IJ's credibility determination unless . . . no reasonable fact-finder could make such an adverse credibility ruling," *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao*, 891 F.3d at 76 (internal quotation marks omitted). The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, "requires reviewing courts to apply an even more deferential standard of review with respect to an IJ's factual determinations." *Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011).

We conclude that the agency's adverse credibility determination here is supported by substantial evidence. First, the IJ found that Thanasi "did not testify in a credible manner," and that his "manner was unconvincing in that it was periodically hesitant and unresponsive." Certified Administrative Record ("CAR") at 226. The IJ further found that Thanasi's "answers on direct were vague and often lacking in detail." *Id.*; *see also Gao v. Barr*, 968 F.3d 137, 144-45 (2d Cir. 2020) (holding that an IJ acts within her discretion when relying on an applicant's demeanor and responsiveness in making an adverse credibility determination); 8 U.S.C. § 1158(b)(1)(B)(iii) ("[A] trier of fact may

3

base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . .").

Second, the IJ reasonably relied on material omissions and inconsistencies in the record in making the credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). Most significantly, the agency reasonably relied on omissions from Thanasi's parents' letter in support of his petition. *See Hong Fei Gao*, 891 F.3d at 81 (noting that "an omission by a third party may form a basis for an adverse credibility determination"). In that letter, Thanasi's parents recount a January 2011 incident, during which Thanasi and his father were detained and beaten by police officers after attending a protest. But the letter does not mention two other incidents in 2011, including a December 2011 run-in with armed extremists that left Thanasi and his father bruised and beaten, and his mother, who witnessed the beating, tending to their wounds. According to Thanasi, this incident convinced his family that he should leave the country.

Thanasi gave no plausible explanation for this omission from his parents' letter, either in his appeal to the BIA or in his petition for review before this Court. In fact, Thanasi entirely failed to raise the issue before the BIA, and we thus need not consider it now. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that a plaintiff

4

must raise issues to the BIA to preserve them for judicial review). But even if we were to overlook Thanasi's failure to raise this issue, his parents' material omission from their letter forms a reasonable basis for the agency's adverse credibility determination. *Compare Xiu Xia Lin*, 534 F.3d at 167 (explaining that critical omissions from two third-parties' letters about the petitioner's persecution "reasonably raised doubts as to the accuracy of [the petitioner]'s account of her own persecution"), *with Hong Fei Gao*, 891 F.3d at 81 (explaining that a third-party's omissions about the aftermath of the petitioner's persecution were "less probative of credibility"). One would reasonably expect Thanasi's parents to disclose the December 2011 event, not only because they experienced and witnessed the violence themselves, but because Thanasi claims that it drove him to leave Albania a mere two weeks later.

Finally, the agency reasonably gave diminished weight to the letter from Thanasi's doctor describing Thanasi's January 2011 injuries, given that it was issued in April 2012 -- over a year after the alleged treatment date. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that an IJ may rely on lack of corroborative evidence when the petitioner's credibility "has already been called into question").

We conclude that the "cumulative effect" of these and other inconsistencies provided the IJ with a reasonable basis to find that Thanasi was not credible. *Xiu Xia Lin*, 534 F.3d at 167. Because we cannot say "that a reasonable adjudicator was *compelled* to find otherwise," *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.

5

2005) (emphasis added) (internal quotation marks omitted), we must affirm the agency's adverse credibility determination.

We also find that the BIA did not abuse its discretion in denying Thanasi's motion for remand based on his marriage to a U.S. citizen, as he did not make a *prima facie* case for the relief sought.   *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156-57 (2d Cir. 2005).   Not only was his visa application pending at the time of his motion for remand, *see* 8 U.S.C. § 1255(a) (requiring an "immediately available" visa to adjust one's status), but Thanasi entered the United States under the Visa Waiver Program (albeit fraudulently) and thus waived the right to challenge his removal "other than on the basis of an application for asylum," 8 U.S.C. § 1187(b)(2); *see also Shabaj v. Holder*, 602 F.3d 103, 106 (2d Cir. 2010) (holding that "a fraudulent Visa Waiver Program applicant[] is a Visa Waiver Program applicant nevertheless," and that asylum is the only remedy for Visa Waiver Program applicants).

For the foregoing reasons, the petition for review is DENIED.   Any pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6