PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____


No. 21-2592
_____


OLSI SHKEMBI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA-1:  A097-669-336
Immigration Judge: Annie S. Garcy
_____


Submitted Under Third Circuit L.A.R. 34.1 (a)
June 14, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed July 27, 2022)

Marcia Kasdan
Law Office of Marcia S. Kasdan
127 Main Street
1st Floor
Hackensack, NJ 07601
     *Counsel for Petitioner*

Matthew B. George
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
     *Counsel for Respondent*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

Olsi Shkembi is a citizen of Albania. He attempted to enter this country by representing that he was a national of a country that is a participant in the Visa Waiver Program (VWP), 8 U.S.C. § 1187, although Albania is not a participant in that program. His ruse was detected before he could leave the airport where immigration authorities deemed him inadmissible. Pursuant to the terms of the VWP, which precludes contesting one's removability except by applying for

2

asylum, immigration authorities referred him to an Immigration Judge (IJ) for asylum-only proceedings. After his application seeking asylum, withholding of removal, and relief under the Convention Against Torture (CAT) was denied, he succeeded in reopening his asylum proceeding. Despite the VWP's limitation to asylum-only proceedings, Shkembi applied for a marriage-based adjustment of status (AOS) and then withdrew his asylum application at a scheduled hearing before the IJ. His immigration file was returned to the Department of Homeland Security, but his AOS application was not adjudicated. After being taken into custody, he filed an emergency motion to reopen his asylum proceedings. The motion was denied.

Shkembi petitioned for review. Shkembi asserts that his AOS application should have been adjudicated because he is not bound by the terms of the VWP. This Court has yet to address whether the terms of the VWP apply to an alien who is from a non-VWP-participant country but who nevertheless attempts to enter the United States by using the passport of a national of a VWP-participant country. We join all of our sister circuits that have considered this question and now hold that such an alien, despite his ineligibility for the VWP, is subject to the terms of the VWP. Accordingly, Shkembi has never had a right to contest his removability by seeking an AOS and has been limited to asylum-only proceedings.

Shkembi also contends that the denial of his emergency motion to reopen deprived him of his right to due process. We disagree. We will deny the petition for review.

3

I.

Shkembi tried to enter the United States under the VWP. "The Program allows travel without a visa for short-term visitors from 38 countries that have entered into a 'rigorous security partnership' with the United States." *Trump v. Hawaii*, 138 S. Ct. 2392, 2411 (2018) (citation omitted); *see also* 8 U.S.C. § 1187(a). In exchange for the United States' waiver of its visa requirement, the "VWP visitor must waive his or her right to contest the government's admissibility determinations and removal actions, except that the alien may contest removal actions on the basis of asylum." *Bradley v. Att'y Gen.*, 603 F.3d 235, 238 (3d Cir. 2010); *see also* 8 U.S.C. § 1187(b). "[T]he linchpin of the program is the waiver, which assures that a [VWP visitor] who comes here . . . will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Handa v. Clark,* 401 F.3d 1129, 1135 (9th Cir. 2005).

Shkembi arrived in Miami in 2003 seeking entry without a visa under the VWP. He used an Italian passport that had substituted Shkembi's photograph for that of an Italian citizen. After immigration authorities detected the altered photograph on the passport and questioned Shkembi, he revealed that he was a citizen of Albania. As noted above, Albania is not a VWP partner. In the Notice of Referral to Immigration Judge, Form I-863, Shkembi was initially designated as a VWP applicant and the I-863 was provided to an Immigration Judge (IJ) with the passport and an I-94W waiver of appeal signed by Shkembi.

In 2004, Shkembi applied for asylum, withholding of removal, and CAT relief, alleging political persecution. In the processing of his application, Shkembi was designated as a "VWP violator." CAR1163. The IJ denied Shkembi's application in its entirety, and the Board of Immigration Appeals (BIA) affirmed that order. The denial of relief resulted in a final order, and Shkembi was subject to removal without further process. *Shehu v. Att'y Gen.*, 482 F.3d 652, 656 (3d Cir. 2007). We upheld the BIA's decision. *Shkembi v. Att'y Gen.*, 380 F. App'x 207 (3d Cir. 2010) (per curiam).

Although Shkembi could have been removed, for reasons not explained in the record, he remained in the United States. He married, and he and his wife had two children who were born in this country. In 2013, his wife filed an I-130 form to facilitate her husband's efforts to apply for an AOS. On March 11, 2014, his wife's I-130 request was approved.

In 2019, Shkembi succeeded in reopening his asylum proceeding based on changed country conditions in Albania. Thereafter, in January 2020, Shkembi, seeking an AOS, filed an application for waiver of certain grounds of inadmissibility, Form I-601, noting in his application that his wife was now a United States citizen. Days before the scheduled IJ hearing on his reopened asylum application, Shkembi moved to terminate the proceeding. In his motion, Shkembi acknowledged that the IJ could not adjust his status because he had been before the IJ in asylum-only proceedings under the VWP, but sought to remand his case to the United States Citizenship and Immigration Services (USCIS) so it could adjudicate his marriage-based AOS application.

5

At the hearing, the Government opposed the motion to terminate or to administratively close Shkembi's case. Mindful of the remand from the BIA reopening the asylum case, the IJ took steps to confirm that termination was truly the action Shkembi was requesting. The IJ admitted the I-589 asylum application as an exhibit and Shkembi, after being sworn-in to testify, affirmed that he would "not proceed with the 589." CAR78. When the IJ asked again, Shkembi confirmed that he did not want to proceed with his asylum claim. He denied being threatened or forced to give up his right to pursue his I-589 application. He also denied being under the influence of drugs or alcohol, or that he suffered from a mental illness. In response to the IJ's inquiry of whether Shkembi understood that she could not "guarantee" what would transpire before USCIS, Shkembi confirmed that he understood. CAR79.

Before the hearing concluded, Shkembi's counsel sought to preserve the legal issue that "a false visa waiver in contrast to a genuine visa waiver should not be subject to restrictions under [§ 1187] for asylum only relief." CAR80. The IJ declined to address that issue, stating that she had "no authority to consider such an argument." *Id.*

The IJ denied the motion to terminate. In her decision, the IJ noted that the Government had "not agreed to termination or dismissal of these proceedings." CAR91. Then, after reciting the procedural history of reopening to permit Shkembi to proceed on his I-589 asylum application, the decision stated that Shkembi had "testified that he will not proceed on the I-589 application . . . before this court, and this

6

court finds that [Shkembi] knowingly and voluntarily so testified." *Id.* The IJ took "no further action" on Shkembi's I-589 and "returned" the matter to the Department of Homeland Security (DHS). *Id.*

Months later, Immigration and Customs Enforcement took Shkembi into custody. Shkembi promptly filed an emergency motion to reopen his asylum proceeding, seeking to reinstate his I-589. The DHS opposed the motion. The IJ denied the emergency motion. After reciting the procedural history in which Shkembi failed to take advantage of the "golden opportunity" that he had been afforded when his case was reopened, choosing instead to withdraw his I-589 application, the IJ noted that Shkembi's new I-589 asylum application mirrored the earlier application he had withdrawn. Because motions to reopen require a movant to present "new facts" that were not previously available, 8 C.F.R. § 1003.23(b)(3), and because Shkembi sought "to reinstate the same application that he abandoned," CAR59, the IJ concluded that he had failed to clear the hurdles for reopening. The IJ also determined that there was no basis to allow a sua sponte reopening. Shkembi unsuccessfully appealed to the BIA.

This timely petition for review followed.[1] Shkembi raises two issues. First, he contends that as a VWP applicant

---

[1] The IJ had jurisdiction under 8 C.F.R. § 1208.2(c)(iii). The BIA had appellate jurisdiction under 8 C.F.R. § 1003.1(b)(9). Because the "denial of a VWP applicant's petition for asylum, withholding of removal, and relief under the CAT constitutes 'a final order of removal,'" *Shehu*, 482 F.3d at 656 (citation

who attempted to enter the U.S. by using the altered passport of a national from a VWP participating country, but who never received the lawful 90-day visit, he did not waive his right to contest removal through an adjustment of status.  Therefore, he submits that his AOS application should have been decided.  Second, he asserts that the denial of his emergency motion to reopen was fundamentally unjust and deprived him of the due process to which he is entitled under the Fifth Amendment.

## II.

We review both the BIA and the IJ's decisions inasmuch as the BIA relied on the IJ's findings and her decision.  *See B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021).  Our review of the factual determinations is for substantial evidence, and we apply plenary review to legal issues.  *Id.*  The denial of a motion to reopen is reviewed for an abuse of discretion.  *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

## III.

In an effort to obtain an adjudication of his AOS application, Shkembi points out that VWP entrants receive a 90-day period in this country in exchange for waiving their rights to contest removability determinations, except through an asylum application.  8 U.S.C. §§ 1187(a)(1), (b).  In Shkembi's view, because he did not receive the 90-day lawful stay after immigration authorities discovered that he had

---

omitted), we have jurisdiction under 8 U.S.C. § 1252(a)(1).  *See Bradley*, 603 F.3d at 237 n.1.

8

falsely presented himself as an Italian national, he is not bound by the VWP waiver of the right to contest removability.

In *Bradley*, we considered and rejected the argument of a VWP entrant that his waiver of the right to contest removability was invalid. 603 F.3d at 239–41. Bradley, who was a citizen of New Zealand, lawfully entered the United States under the VWP, but overstayed the 90-day period by almost a decade. When he applied to adjust his status to that of a lawful permanent resident based on his marriage to a United States citizen, he was arrested and ordered removed. He challenged his removal on several grounds. First, he argued the removal order was invalid because the Government could not produce the signed I-94. He also asserted that his waiver was neither knowing nor voluntary because he was intoxicated when he signed it. We rejected his contentions.

Alternatively, Bradley argued that he should be eligible to apply for a marriage-based AOS because § 1255(c)(4) specifically allows VWP entrants to do so. 603 F.3d at 241–42 (considering 8 U.S.C. § 1255(c)(4)). We acknowledged that § 1255(c)(4) "carve[d] out an exception for VWP entrants seeking to adjust their status on the basis of an immediate-relative petition." *Id.* at 242 n.6. But this exception, as six of our sister courts of appeals had determined, did not extend beyond the 90-day authorized stay. *Id.* n.7 (listing cases). We agreed with the Seventh Circuit's analysis that:

> [a]t first glance, it appears that there is a conflict between the adjustment-of-status statute, 8 U.S.C. § 1255(c)(4), and the VWP statute, 8 U.S.C. § 1187(b)(2). Upon closer examination,

9

however, we believe that they can be reconciled. During the time when a nonimmigrant visitor is within the VWP's 90-day window, she may submit an adjustment-of-status application based on an immediate relative. An application submitted at that time would not represent a challenge to removal. After the visitor overstays her 90-day visit, however, the effect of the VWP waiver kicks in, preventing any objection to removal (except for asylum), including one based on adjustment of status.

*Id.* at 242 (quoting *Bayo v. Napolitano*, 593 F.3d 495, 507 (7th Cir. 2010) (en banc)). We went on to hold that although Bradley had been eligible for an adjustment when he entered the United States, he could no longer apply for adjustment "after the expiration of his 90-day stay . . . [because] Bradley's VWP waiver squarely foreclose[d] him from contesting his removal on this basis." *Id.*

Shkembi seeks to avoid *Bradley*'s holding by highlighting that Bradley lawfully entered under the VWP and enjoyed the 90-day stay. Unlike *Bradley*, Shkembi points out he did not have a lawful 90-day visitation period as his fraudulent scheme to gain entry was detected before he even left the airport. That distinction, he contends, renders his waiver inoperative.

Shkembi fails to appreciate that the Seventh Circuit's en banc decision in *Bayo*, which we relied on in *Bradley*, rejected the alien's contention that his VWP waiver was void because he had entered the United States using the stolen passport of a

10

Belgian citizen and had not been entitled to enter the United States under the VWP. 593 F.3d at 499–502. In examining the text of § 1187, the *Bayo* Court acknowledged that the statute was silent as to the applicability of the VWP to citizens of non-VWP countries. The Court concluded that "the Attorney General appropriately . . . acted here to clarify the scope of the VWP" by enacting regulation § 217.4(a) to "address the situation of ineligible aliens entering fraudulently under the VWP." *Id.* at 501 (citing 8 C.F.R. § 217.4(a)). That regulation filled the gap in § 1187 "by applying the terms of the program to those who enter under the VWP, even if they are ineligible for it."[2] *Id.* In the Seventh Circuit's view, this regulation was reasonable and entitled to deference. *Id.* (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)); *see also Riera-Riera v. Lynch*, 841 F.3d 1077, 1080 (9th Cir. 2016) (concluding that the regulation interpreting § 1187 is reasonable and that the program's

---

[2] Subsection 217.4(a) specifies that aliens who apply for admission to the United States under the VWP, but are not eligible under that program or for admission under § 1182 or because they possessed and "present[ed] fraudulent or counterfeit travel documents, will be refused admission into the United States and removed. Such refusal and removal . . . shall be effected without referral of the alien to an immigration judge . . . except" if he or she "applies for asylum[.]" 8 C.F.R. § 217.4(a)(1). In other words, an alien who fraudulently enters under the VWP is "subject to the restrictions on asylum-only proceedings" and the IJ cannot address issues of removability. *Zine v. Mukasey*, 517 F.3d 535, 543 (8th Cir. 2008) (citing 8 C.F.R. § 1208.2(c)(3)(i)).

11

restrictions apply to those who enter under the VWP even though they are ineligible); *Zine v. Mukasey*, 517 F.3d 535, 542–43 (8th Cir. 2008) (concluding § 217.4(a)(1) subjects aliens, who present fraudulent documents to enter under the VWP, to the program's restriction to asylum-only proceedings). Accordingly, the *Bayo* Court determined that the waiver the alien had executed to enter the United States under the VWP, even though he was ineligible, operated as a bar to his applying for an AOS after the 90-day visit had expired. 593 F.3d at 507.

Unlike the aliens in *Bayo*, *Zine*, and *Riera-Riera,* all of whom entered the country under the VWP using altered passports and then overstayed, Shkembi's attempt to gain entry by presenting a falsified passport resulted in his detention before he could even leave the airport at which he had arrived in the United States. **CAR227.** That distinction, however, is a difference that is of no moment. By its terms, the regulation pertains to any alien who "applies for admission under the" VWP, but is ineligible under the program or § 1182 or "is in possession of and presents fraudulent or counterfeit travel documents." 8 C.F.R. § 217.4(a)(1). In short, if an alien is not eligible to enter under the VWP, but does so or attempts to do so, then he or she is removable and may not contest his or her removability except by seeking asylum. Entering or attempting to enter the United States under the VWP by using fraudulent documents from a VWP-participating country violates the VWP and subjects that alien to the terms of the VWP, which includes the restriction to asylum-only proceedings.

12

The Second Circuit reached this same conclusion in *Shabaj v. Holder*, 602 F.3d 103, 105–06 (2d Cir. 2010).  Like Shkembi, Shabaj was an Albanian who fraudulently presented an Italian passport in an attempt to enter under the VWP, resulting in his detention.  While still in this country, Shabaj married a United States citizen and applied for an AOS.  He asserted that he was not bound by the terms of the VWP because, as an Albanian citizen, he had been ineligible for entry under the VWP.  The Second Circuit observed that "[t]he regulation implementing the statute treats someone who applies under the Visa Waiver Program using fraudulent papers as bound by its provisions."  *Id.* at 105.  In holding that Shabaj was bound by the terms of the program, the Court declared: "[A] fraudulent Visa Waiver program applicant [] is a Visa Waiver Program applicant nevertheless."  *Id.* at 106.  We agree, and hold, consistent with regulation § 217.4(a)(1), that an alien's attempt to enter the United States under the VWP by presenting fraudulent travel documents subjects that alien to the terms of the VWP.  Those terms limit the alien to asylum-only proceedings.  It makes no difference if the alien violated the VWP by overstaying after lawful entry as in *Bradley*, or by using fraudulent documents to enter or to attempt to enter the United States under the VWP.  Once the alien has attempted to benefit from the VWP, he or she is bound by its terms.

Accordingly, because Shkembi attempted to enter the United States by using an altered passport of a national from a VWP participating country, his waiver of the right to contest his removability was effective, and he was not entitled to

13

pursue an AOS when he applied in 2019. In short, AOS was never a viable option for him.

IV.

Finally, we turn to Shkembi's contention that the IJ erred by denying his emergency motion to reopen after he had been taken into custody. The IJ carefully considered this motion, recited the procedural history, noted Shkembi's "[s]ympathetic [s]ituation," CAR38, and then turned to the legal requirements for reopening set forth in 8 C.F.R. § 1003.23(b)(3), ultimately concluding that Shkembi failed to meet his burden. And the IJ explained why sua sponte reopening was not warranted. We conclude that the IJ did not abuse her discretion in denying reopening.

Nor is there any basis for concluding that Shkembi was deprived of his right to due process. Due process requires that an alien is "provided the right to a full and fair hearing that allows [him] a reasonable opportunity to present evidence on [his] behalf." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003) (internal quotation marks and citation omitted). The record confirms that Shkembi had this opportunity, but chose to withdraw his I-589. Unhappy with his own decision, he now asserts that he was deprived of his right to due process by the IJ's denial of his emergency motion to reopen and the BIA's dismissal of his appeal. But an "alien [has no] constitutionally protected interest in reopening" his case. *Darby*, 1 F.4th at 166. We conclude that, in light of his violation of the VWP by attempting to enter the United States by presenting the fraudulent passport of a national from a VWP participating

14

country, Shkembi has been afforded all of the process to which he was entitled.

For the reasons set forth above, we will deny Shkembi's petition for review.

15