21-632-cv
*Nouritajer v. Jaddou*

# United States Court of Appeals
## for the Second Circuit

_____

August Term 2021

(Argued: November 1, 2021     Decided: November 15, 2021)

No. 21-632-cv

_____

SIMIN NOURITAJER, THE RAZI SCHOOL,

*Plaintiffs-Appellants*,

— v. —

UR M. JADDOU, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendants-Appellees*.[*]

_____

Before:        BIANCO, PARK, NARDINI, *Circuit Judges*.

Plaintiffs-Appellants Simin Nouritajer and the Razi School (together, "Plaintiffs") appeal from the United States District Court for the Eastern District of New York's (Matsumoto, *J.*) order and judgment dismissing without prejudice their Second Amended Complaint (the "SAC") for lack of subject matter

---

[*] The Clerk of Court is respectfully instructed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Director Ur M. Jaddou has been automatically substituted for Director L. Francis Cissna of the United States Citizenship and Immigration Services.

jurisdiction. Plaintiffs' SAC sought review of the following: (1) the August 18, 2017 revocation by the United States Citizenship and Immigration Services ("USCIS") of Nouritajer's previously-approved Form I-140, Immigrant Petition for Alien Worker ("I-140"); (2) the USCIS Administrative Appeals Office's ("AAO") denial of Nouritajer's revocation appeal on August 1, 2018; and (3) the May 29, 2019 denial of Plaintiffs' motion to reopen and reconsider the revocation.

In dismissing the SAC under Federal Rule of Civil Procedure 12(b)(1), the district court correctly analyzed the relevant jurisdiction-stripping statutes—8 U.S.C. § 1155, which governs revocation of approved immigration petitions, and 8 U.S.C. § 1252(a)(2)(B), which limits judicial review of certain discretionary decisions. We agree with the district court that the jurisdictional bar to a substantive challenge to a discretionary decision by the Secretary of Homeland Security applies here, as Plaintiffs do not assert a procedural challenge to the revocation decision, but rather assert several arguments which, in sum and substance, challenge the underlying reasons for the revocation of the immigration petition.

Accordingly, we **AFFIRM** the district court's order and judgment dismissing the action for lack of subject matter jurisdiction.

THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, NJ, *for Plaintiffs-Appellants*.

ALEX S. WEINBERG (Varuni Nelson and Rachel G. Balaban, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Defendants-Appellees*.

_____

PER CURIAM:

Plaintiffs-Appellants Simin Nouritajer and the Razi School (together, "Plaintiffs") appeal from the United States District Court for the Eastern District of New York's (Matsumoto, *J.*) order and judgment dismissing without prejudice their Second Amended Complaint (the "SAC") for lack of subject matter jurisdiction. Plaintiffs' SAC sought review of the following: (1) the August 18, 2017 revocation by the United States Citizenship and Immigration Services ("USCIS") of Nouritajer's previously-approved Form I-140, Immigrant Petition for Alien Worker ("I-140"); (2) the USCIS Administrative Appeals Office's ("AAO") denial of Nouritajer's revocation appeal on August 1, 2018; and (3) the May 29, 2019 denial of Plaintiffs' motion to reopen and reconsider the revocation.

In dismissing the SAC under Federal Rule of Civil Procedure 12(b)(1), the district court correctly analyzed the relevant jurisdiction-stripping statutes—8 U.S.C. § 1155, which governs revocation of approved immigration petitions, and 8 U.S.C. § 1252(a)(2)(B), which limits judicial review of certain discretionary decisions. We agree with the district court that the jurisdictional bar to a substantive challenge to a discretionary decision by the Secretary of Homeland Security applies here, as Plaintiffs do not assert a procedural challenge to the

3

revocation decision, but rather assert several arguments which, in sum and substance, challenge the underlying reasons for the revocation of the immigration petition.

Accordingly, we AFFIRM the district court's order and judgment dismissing the action for lack of subject matter jurisdiction.

## I. BACKGROUND

Nouritajer, who resides in the Eastern District of New York with her family, is a native and citizen of Iran. Since 2002, Nouritajer has taught at the Razi School, which provides education in an Islamic environment for students from pre-kindergarten through the twelfth grade. On December 28, 2004, the Razi School filed a labor certification with the Department of Labor ("DOL") for Nouritajer as a teacher, which DOL approved on January 18, 2007. On May 7, 2007, the Razi School filed a Form I-140 on behalf of Nouritajer, seeking to classify her as an Employment-Based Third Preference category ("EB-3") professional, which USCIS approved on November 19, 2013.

On July 11, 2017, USCIS issued a Notice of Intent to Revoke the I-140, finding the initial approval had been in error. The Razi School was provided the opportunity to oppose the revocation, and it did. On August 18, 2017, USCIS

4

revoked the I-140, finding the previous grant was in error, as the Razi School had not established its ability to pay the proffered wage, nor had Nouritajer established her qualifications for the offered teaching position. The Razi School appealed the revocation to the USCIS AAO, and the appeal was dismissed on August 1, 2018. In its decision, the AAO agreed with USCIS's conclusion that Plaintiffs had failed to demonstrate Nouritajer's requisite experience for the job offered by the Razi School. The AAO explained that, among other things, although Nouritajer established that she had experience teaching mathematics and limited part-time experience teaching English, she did not have any previous experience in teaching language arts and Islamic literature, as the position at the Razi School required. The AAO also agreed with USCIS's finding that the Razi School did not demonstrate its financial ability to pay the proffered wage. Relying on two additional pending petitions by the Razi School, the AAO noted that it lacked sufficient information to determine whether it would be able to pay the combined proffered wages of the pending petitioners, including Nouritajer. The Razi School filed a motion to reopen and reconsider with the AAO, which was denied on May 29, 2019.

Plaintiffs commenced the district court action on November 15, 2018 and filed the SAC on October 7, 2019. The SAC asserted five claims for relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, based upon "several legal errors committed in revoking a previously approved immigrant petition and in denying a motion to reopen the revocation," Joint App'x at 7. The SAC centered upon the allegation that the revocation of Nouritajer's I-140 was pretextual. In particular, Plaintiffs allege that, from approximately 2010 to 2015, Nouritajer and her family were surveilled and questioned by agents of the Federal Bureau of Investigation ("FBI") and told that their immigration status would be in jeopardy unless they cooperated and offered information about Iran's relationship with the United States. They allege that Nouritajer and her family did not possess such information and therefore could not offer such cooperation.

The district court dismissed the SAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). More specifically, the district court concluded that subject matter jurisdiction was foreclosed by two statutes – namely, 8 U.S.C. § 1155, which governs revocation of approved immigration petitions, and 8 U.S.C. § 1252(a)(2)(B), which limits judicial review of certain discretionary

6

decisions. Because the district court concluded that it lacked subject matter jurisdiction, it dismissed Plaintiffs' claims without prejudice.

## II. DISCUSSION

On appeal, Plaintiffs argue that their challenge to USCIS's revocation of the I-140 was based on USCIS's flawed legal conclusions and procedural errors. Accordingly, they say the district court erred in holding that it lacked subject matter jurisdiction over their action. We disagree with Plaintiffs' characterization of their claims, and agree with the district court's conclusion that it lacked jurisdiction.

### A. Standard of Review

In reviewing a district court's determination of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we review legal conclusions *de novo* and factual findings for clear error. *See Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Although we draw all inferences in favor of Plaintiffs, they must

prove by a preponderance of the evidence that subject matter jurisdiction exists. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

**B.     Subject Matter Jurisdiction**

Under 8 U.S.C. § 1252(a)(2)(B), "no court shall have jurisdiction to review – any . . . decision or action of the . . . Secretary of Homeland Security . . . which is specified . . . to be in the discretion of . . . the Secretary of Homeland Security," and, pursuant to 8 U.S.C. § 1155, "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him." Therefore, these statutes operate to strip federal courts of jurisdiction to review a substantive discretionary decision revoking the approval of an I-140 visa petition. *See Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) (noting that Section 1252 "strips jurisdiction over a substantive discretionary decision"); *accord Firstland Int'l, Inc. v. U.S. I.N.S.*, 377 F.3d 127, 131 (2d Cir. 2004). In the instant case, the district court correctly concluded that the "gravamen" of all of Plaintiffs' claims challenge the agency's substantive discretionary decision

8

to revoke Nouritajer's I-140, thereby leaving the district court with no jurisdiction to review Plaintiffs' claims. Joint App'x at 66.

Although Plaintiffs attempt to avoid this jurisdictional bar by characterizing their claims as "procedural" challenges on appeal, the use of that label does not control the jurisdictional question. *See, e.g.*, *Ottey v. Barr*, 965 F.3d 84, 91–92 (2d Cir. 2020) ("Regardless of the rhetoric and labels used in the petition for review, a challenge that merely quarrels over the correctness of the factual findings or justification for the discretionary choices is not reviewable." (internal quotation marks and citation omitted)). To be sure, we have emphasized that "although the substance of the decision that there should be a revocation is committed to the discretion of the Attorney General [or Secretary of Homeland Security], Section 1155 establishes mandatory notice requirements that must be met in order for the revocation to be effective, and courts retain jurisdiction to review whether those requirements have been met." *Firstland Int'l, Inc.*, 377 F.3d at 131; *see also Mantena*, 809 F.3d at 728 ("Although the statute strips jurisdiction over a substantive discretionary decision, [S]ection 1252 does not strip jurisdiction over procedural challenges."). However, the SAC makes no allegation that the agency failed to comply with any of the requisite procedures prior to revoking an approved visa

petition, which are set forth in 8 C.F.R. § 205.2. In fact, Plaintiffs do not dispute that they timely received USCIS's notice of intent to revoke the I-140, offered evidence in opposition to the notice of intent to revoke, and received a written notification of the decision explaining why the agency revoked approval of the petition. Contrary to Plaintiffs' characterization of their claims as "procedural," the relief they seek is judicial review of USCIS's substantive revocation decision, which is clearly precluded by the plain text of Section 1252(a)(2)(B)(ii). Plaintiffs cannot end-run this jurisdictional bar "by artfully framing a challenge to the agency's substantive decision as a procedural claim." *Doe v. McAleenan*, 926 F.3d 910, 915 (7th Cir. 2019) (recognizing that "[c]ourts may review identifiable procedural rulings that don't implicate a petition's merits" but not challenges to "discretionary revocations on nominally 'procedural' grounds"). Thus, where, as here, there are no alleged violations of statutory procedural requirements for revocation, and where, in any event, the gravamen of Plaintiffs' claims challenges the Secretary of Homeland Security's exercise of discretion in making a revocation

decision, subject matter jurisdiction is lacking. We address each of Plaintiffs' arguments in turn.

First, the claim of pretext in Count Four – that is, that the revocation of the I-140 and the subsequent denial of the reopening was done in response to communications from the FBI – is an inherently substantive challenge. In other words, Plaintiffs make no challenge to the procedures utilized for the revocation, but rather challenge the *reasons* for the revocation, which is an inquiry into the discretionary decision that is precluded by Section 1252's jurisdictional bar. An applicant's argument "that a denial was pretextual is no different from arguing that it was wrong" as "[b]oth arguments challenge the validity of the grounds for denial," not the procedures used. *Proyecto San Pablo v. I.N.S.*, 189 F.3d 1130, 1141 (9th Cir. 1999) (concluding that the relevant statute's "jurisdictional scheme precludes district court review of such claims"). Thus, Plaintiffs' claim that the discretionary revocation decision was arbitrary and capricious under the APA because it was pretextual, as well as the related claims based on the pretext allegation, are not subject to judicial review because such revocation determinations are committed to agency discretion by law under Section 1252, and review is precluded by statute under Section 1155. *See* 5 U.S.C. § 701(a)(1)–(2)

11

(judicial review under the APA is limited "to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law").

Plaintiffs' related argument, that the AAO's decision denying the appeal was a non-discretionary eligibility determination on the merits that is subject to judicial review, is similarly flawed. The AAO decision, in addition to outlining the eligibility requirements for an employment-based visa, makes clear that "USCIS may revoke a petition's approval for 'good and sufficient cause,'" Joint App'x at 37 (quoting 8 U.S.C. § 1155), which confers discretion on USCIS to revoke a previously approved petition. The fact that the AAO reviewed USCIS's discretionary decision *de novo*, and affirmed the revocation, does not subject this discretionary decision to judicial review. In short, subject matter jurisdiction is lacking to review the underlying discretionary revocation decision by USCIS, so jurisdiction is similarly lacking to review the AAO decision affirming that revocation on the same grounds, as well as to review the denial of the motion to reopen. *See generally Durant v. U.S. I.N.S*, 393 F.3d 113, 115 (2d Cir. 2004) (holding that the jurisdictional bar under 8 U.S.C. § 1252(a)(2)(C) applies to orders denying

12

motions to reopen removal proceedings that were "sufficiently connected" to final orders of removal).

For the same reasons, each of Plaintiffs' additional challenges are essentially challenges to USCIS's substantive decision to revoke the I-140 and are therefore barred because they fall within the unreviewable discretion of the Secretary. In Counts One and Two, Plaintiffs allege that the requirement that a sponsoring employer "be able to pay the beneficiary's salary from the time the labor certification is filed until the beneficiary becomes a permanent resident is contrary to the [INA]," and they challenge "the regulations purportedly imposing this requirement." Joint App'x at 12. They also argue in the alternative that, even if the regulation is valid, they satisfied it as a factual matter. Again, Plaintiffs seek to litigate the substantive basis for USCIS's decision to revoke the I-140, not a failure to comply with statutorily mandated procedures.

Similarly, Plaintiffs raise two claims effectively arguing that USCIS was bound by prior decisions – by DOL or by itself – to reach a different decision. In Count Three, Plaintiffs complain of USCIS's "failure to give effect to the prior determination by [the] DOL that . . . Nouritajer had the required qualifications," Plaintiffs Br. at 22; *see also* Joint App'x at 12. And in Count Five, Plaintiffs argue

13

that USCIS should be estopped from revoking the I-140 because the revocation and denial of reopening "constituted an impermissible re-adjudication of the petition *over three years* after approval." Joint App'x at 14. Both amount to claims that USCIS should not have exercised its discretion for the reasons it cited. But simply framing those questions reveals that they are essentially challenges to the substance of a revocation decision that is committed to the agency's unreviewable discretion.[1]

## III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's order and judgment dismissing Plaintiffs' claims for lack of subject matter jurisdiction.

---

[1] The district court also held that "[t]o the extent that plaintiffs claim legal errors or a constitutional violation, their claim is not cognizable in this court," because the statutory exception to the jurisdiction-stripping provision preserves judicial review over such claims only through a very limited procedure – namely, "a petition for review filed with an appropriate court of appeals." Joint App'x at 70. The district court relied upon 8 U.S.C. § 1252(a)(2)(D) ("Nothing in [§ 1252(a)(2)(B)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ."), as well as our decision in *Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) ("Thus, while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review [plaintiff's] challenge [under § 1252(a)(2)(D)]."). In the present case, of course, we are not presented with a "petition for review" over a final order of removal, and so the statutory exception set forth in § 1252(a)(2)(D) does not apply.

14