23-435-cv
*Rodriguez v. Mayorkas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-four.

Present:

>    EUNICE C. LEE,
>    SARAH A. L. MERRIAM,
>    MARIA ARAÚJO KAHN,
>        *Circuit Judges.*

_____

CRISTIAN RODRIGUEZ,

>        *Plaintiff-Appellant*,

>    v.                                                                  23-435-cv

ALEJANDRO MAYORKAS, U.S. SECRETARY OF HOMELAND SECURITY; UR MENDOZA JADDOU, DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION

SERVICES; SUSAN DIBBINS, CHIEF OF THE USCIS ADMINISTRATIVE APPEALS OFFICE,

*Defendants-Appellees.*\*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | BENJAMIN RODGERS & CHARLOTTE LAWRENCE, Law Students (Muneer I. Ahmad, Michael J. Wishnie, & Lillian Novak, *on the briefs*), Jerome N. Frank Legal Services Organization, Yale Law School, New Haven, CT. |
| For Defendants-Appellees: | KIMBERLY A. FRANCIS, Assistant United States Attorney (Varuni Nelson & Christopher D. Volpe, Assistant United States Attorneys, *on the brief*), for Breon Peace, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY. |

Appeal from a February 1, 2023 judgment of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART, AFFIRMED IN PART**, and **REMANDED** for further proceedings consistent with this order.

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Plaintiff-Appellant Cristian Rodriguez appeals a judgment of the district court dismissing his complaint seeking review of the U.S. Citizenship and Immigration Service's ("USCIS") denial of his application for a waiver of inadmissibility and his petition for U nonimmigrant visa status. Rodriguez argues that the district court erred in concluding that it lacked jurisdiction to review USCIS's determinations, and seeks our review of the agency's decisions denying his application and petition.

Rodriguez, a citizen of Ecuador who has lived in the United States since 2004, petitioned seeking U nonimmigrant status based on his status as a crime victim who cooperated with law enforcement. In 2011, he and his family were victims of a burglary. Rodriguez assisted law enforcement in identifying the individual who committed the crime and cooperated with the Queens District Attorney's Office in the related prosecution. His cooperation made him eligible to petition for a U visa—which he did in 2015. *See* 8 U.S.C. § 1101(a)(15)(U). As required to successfully petition for a U visa, he also applied for a waiver of inadmissibility. *See id.* § 1182(d)(3), (d)(14). In 2019, USCIS denied both his U visa petition and his application for a waiver of inadmissibility (or "waiver application"). After USCIS denied a motion to reconsider the denial of his U visa

3

petition, and denied motions to reopen and reconsider his waiver application, Rodriguez unsuccessfully appealed to the Administrative Appeals Office.

Rodriguez commenced this challenge to USCIS's denials in district court under the Administrative Procedure Act ("APA") seeking: (1) declarations that the denials of his petition for a U visa and application for waivers of inadmissibility were arbitrary and capricious, in violation of the APA; (2) a declaratory judgment that he is statutorily eligible for a U visa; and (3) an order requiring USCIS to reopen and grant his U visa petition. In the alternative, Rodriguez sought an order requiring USCIS to reconsider his U visa petition and to reopen and reconsider his waiver application. The district court granted the government's motion to dismiss Rodriguez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally Rodriguez v. Mayorkas*, No. 21-CV-03129 (MKB), 2023 WL 1070477 (E.D.N.Y. Jan. 27, 2023). The district court determined that it lacked subject-matter jurisdiction over the waiver determination because pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), the agency's waiver determination is discretionary and not subject to judicial review. *See id.* at *4–5. The court then determined that, as a result, Rodriguez also failed to state a claim under Rule 12(b)(6) as it related to judicial review of his U visa petition, because a waiver is one necessary

4

component of a U visa petition. *Id.* at \*5–6. On appeal, Rodriguez argues that we have jurisdiction to review both USCIS's denial of his waiver application and the denial of his U visa petition, and that the district court dismissed review of both in error.

We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision. For the reasons set forth below, we clarify that while we do indeed have jurisdiction to review both of Rodriguez's claims, his challenge to the denial of his waiver application nevertheless fails on the merits, and we decline to rule on his challenge to the waiver-dependent U visa petition.

\*                    \*                    \*

We review *de novo* the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and construing all reasonable inferences in the light most favorable to the nonmoving party. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022). As for the grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "we review legal conclusions *de novo* and factual findings for clear error." *Nouritajer v. Jaddou*, 18 F.4th 85, 88 (2d Cir. 2021).

## I. Waiver of Inadmissibility

The government argues that we lack any jurisdiction to review USCIS's denial of Rodriguez's waiver application under the APA because "[t]he APA does not provide a basis for judicial review where 'agency action is committed to agency discretion by law.'" Gov't Br. at 31 (quoting 5 U.S.C. § 701(a)(2)). However, rather than challenging a discretionary determination, Rodriguez questions whether the agency adhered to express directives given to it by Congress. This is squarely within our constitutional mandate for review of agency action, even if the agency's ultimate decision on the matter is otherwise committed to its discretion. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires."); *see also, e.g.*, *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (confirming that in the discretionary context of cancellation of removal, courts always retain jurisdiction to review a determination challenged for constitutional and legal issues, even if those issues are mixed with factual ones). We therefore have jurisdiction over the merits of Rodriguez's challenge to the denial of his waiver application.

Rodriguez challenges the denial of his waiver application, arguing that USCIS failed to comply with the statutory procedural requirements under the two separate types of waivers for which he was eligible because the agency treated both waivers as one.   We disagree.

In order to obtain a U visa, a petitioner must also be admissible to the United States.   *See* 8 U.S.C. § 1182(a), (d)(14).   Often this requires the individual petitioning for a U visa to separately seek a waiver of inadmissibility via USCIS Form I-192, an "Application for Advance Permission to Enter as Nonimmigrant." A waiver of inadmissibility grants an applicant temporary admission to the United States.   Applicants for a waiver of inadmissibility may generally seek grounds for temporary admission pursuant to a waiver under § 1182(d)(3), but U visa-eligible applicants also qualify to seek a waiver under § 1182(d)(14).   *See id.* § 1182(d)(3), (d)(14) (the "(d)(3)" and "(d)(14)" waivers, respectively).   The (d)(3) waiver is a general waiver of inadmissibility permitting a noncitizen to "be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General."   *Id.* § 1182(d)(3)(A).   The (d)(14) waiver is an additional waiver created by Congress specifically for U visa applicants who have aided the government or law enforcement.   *See id.* § 1182(d)(14).   It allows the "Secretary of Homeland

7

Security, in the Attorney General's discretion [to] waive" a U visa petitioner's ground of inadmissibility if the Secretary "considers it to be in the public or national interest to do so." *Id.*

As permitted, Rodriguez availed himself of both avenues in his waiver application, but he alleges that USCIS effectively considered him only for the general (d)(3) waiver, and did not give him the benefit of the additional criteria for the special waiver under (d)(14). He contends that this error amounts to a failure to adjudicate his waiver application on the additional (d)(14) grounds for which he was specially eligible. And he argues that this error indicates a failure by USCIS to comply with the statutory procedural waiver requirements for U visa-eligible applicants.

We agree with Rodriguez that if a U visa-eligible petitioner seeks a waiver application pursuant to both (d)(3) and (d)(14), the application must necessarily be separately considered under the requirements for each section. This is because Congress expressly established a separate consideration from the general (d)(3) waiver in (d)(14), by obligating the agency to affirmatively weigh the "public or national interest" when considering waivers for U visa-eligible individuals specifically. *Id.* USCIS must consider this additional element for (d)(14)-eligible

8

individuals, even when the ultimate decision on whether or not to grant the waiver is committed to agency discretion. A failure to do so would be akin to declining to adjudicate a (d)(14) waiver in contravention of Congress's express guidance—which is different from an adverse exercise of that discretion.

But in Rodriguez's case, USCIS did consider him for waiver under both sets of criteria. In its I-192 decision letter, USCIS acknowledges that it considered Rodriguez for a waiver under (d)(3) and "[a]dditionally" under (d)(14), given his eligibility for U nonimmigrant status. Joint App'x at 19. The letter lays out the applicable law and the supplementary "public or national interest" element in (d)(14). *Id.* at 19–20. It also continues to reference (d)(14) distinctly from (d)(3) in the introduction to its analysis and its conclusion. In USCIS's ultimate conclusion to deny the waiver, the letter states: "Consequently, the record does not establish that a discretionary decision to waive the grounds of inadmissibility for the purposes of a nonimmigrant admission would *be in the public or national interest as detailed above*." *Id.* at 29 (emphasis added). This clearly demonstrates that USCIS considered the criterion of the "public or national interest"—which is exclusive to (d)(14)—even if it failed to provide a separate analysis for that element.

Understandably, this somewhat perfunctory treatment is unsatisfying for Rodriguez, and it also makes our task more difficult for purposes of judicial review. That being said, Rodriguez points to no authority to support the idea that USCIS has a duty to give a more reasoned explanation for its denial of the (d)(14) waiver. Absent such authority, or evidence of bad faith, and given it is clear that USCIS (1) knew the distinction between the waivers, (2) knew the additional requirements accompanying a (d)(14) waiver, and (3) asserted that it considered the "public or national interest" in the context of Rodriguez's waiver application, we are hard-pressed to conclude that USCIS acted arbitrarily and capriciously, or that it abused its discretion.

## II.    U Visa

Rodriguez also argues that the district court wrongly dismissed his claim for review of the denial of his U visa petition. Even though his U visa petition is incomplete without the required waiver of inadmissibility, Rodriguez implores us to review USCIS's denial of his U visa petition, regardless of our decision on the waiver. In support of this position, he points out that other avenues for obtaining a waiver of inadmissibility remain available to him, arguing that, as a result, his U visa petition still presents a potentially cognizable claim under Rule 12(b)(6).

10

And he seeks this review of his U visa petition because he believes that USCIS erred in its determination that he did not assist law enforcement with a qualifying crime. Though the parties do not dispute our authority to rule on the U visa petition, they do disagree as to whether it is a wise use of judicial resources to review the denial of a U visa petition on grounds other than inadmissibility in instances when a denied or outstanding application for inadmissibility also poses a defect in the petition. While it is not categorically the rule that a challenge to a U visa petition fails to state a claim in the first instance without a successful waiver of inadmissibility—and there is certainly no legal bar to our review here—we do not find it necessary for us to reach the issue here today.

*          *          *

We hereby **VACATE** the district court's judgment in part on the issue of jurisdiction to review the waiver application and **REMAND** with instructions to deny that issue on the merits. And we **AFFIRM** the judgment in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court