25-243-cv
Oriakhi v. DHS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-six.

PRESENT:  ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

DANIEL ORIAKHI,

*Petitioner-Appellant*,

v.                                                              No. 25-243-cv

DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

*Respondents-Appellees*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                          Daniel Oriakhi, *pro se*, Elmont,
                                        NY

FOR APPELLEES:                          Varuni Nelson, Diana E.
                                        Mahoney, Assistant United
                                        States Attorneys, *for* Joseph
                                        Nocella, Jr., United States
                                        Attorney for the Eastern
                                        District of New York,
                                        Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner Daniel Oriakhi, representing himself, appeals from a January 10, 2025 judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) dismissing his habeas petition under 28 U.S.C. § 2241 for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* the district court's dismissal for lack of subject matter jurisdiction." *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). We also construe "the submissions of a *pro se* litigant . . . liberally" as "rais[ing] the

2

strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation modified).

The District Court concluded that it lacked jurisdiction over Oriakhi's petition because the petition seeks to vacate his 2012 final administrative removal order ("FARO") and only the federal circuit courts may review such petitions. *See* 8 U.S.C. § 1252(a)(5), (b)(2); *Delgado*, 643 F.3d at 55–56. On appeal, Oriakhi concedes, as he must, that the District Court's conclusion was correct because the relief he seeks effectively would require the court to review and potentially invalidate his removal order. *See Singh v. USCIS*, 878 F.3d 441, 445–46 (2d Cir. 2017); *Gittens v. Menifee*, 428 F.3d 382, 384–85 (2d Cir. 2005).

Oriakhi instead invites this Court to construe his appeal as a petition for review of his removal order. We decline to do so. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013); *Nouritajer v. Jaddou*, 18 F.4th 85, 90 n.1 (2d Cir. 2021). Even if we could construe Oriakhi's appellate filings as a petition for review of his 2012 FARO, we would conclude that the petition was not timely filed. *See* 8 U.S.C. § 1252(b)(1); *Riley v. Bondi*, 606 U.S. 259, 266–67 (2025); *Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025). And Oriakhi does not argue that he is entitled to equitable tolling.

3

We have considered Oriakhi's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court