24-2140
*Quezada Palacios v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

KEVIN DONELY QUEZADA PALACIOS,

> *Plaintiff-Appellant*,

> v.                                                                No. 24-2140

PAMELA BONDI, United States Attorney
General; KRISTI NOEM, Secretary of the
Department of Homeland Security; KIKA
SCOTT, Acting Director of the United States
Citizenship and Immigration Services;

NANCY J. ALBY, Field Office Director of the
United States Citizenship and Immigration
Services,

*Defendants-Appellees.*[*]

_____

**For Plaintiff-Appellant:**    Bruno J. Bembi, Hempstead, NY.

**For Defendants-Appellees:**   Varuni Nelson, Assistant United States
              Attorney, Mary B. McGarvey-Depuy,
              Special Assistant United States Attorney,
              *for* John J. Durham, United States Attorney
              for the Eastern District of New York,
              Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramón E. Reyes, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 10, 2024 judgment of the district court is **AFFIRMED**.

Plaintiff Kevin Donely Quezada Palacios ("Quezada") appeals from a judgment of the district court dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). On appeal, Quezada argues that the district court erred by determining that actions taken by United States Citizen and

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Immigration Services ("USCIS" or "the agency") in connection with his applications for two forms of immigration status were discretionary and therefore unreviewable under the Immigration and Nationality Act ("INA"). Quezada also makes a number of other constitutional and statutory arguments concerning the INA's jurisdiction-stripping provisions and 8 C.F.R. § 204.11(b)(2)'s requirement that petitioners seeking Special Immigrant Juvenile Status ("SIJS") not be married at the time the petition is filed and adjudicated. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Background

Quezada was born in El Salvador in February 1998 and illegally entered the United States in 2010. In 2018, when he was twenty years old, his mother filed a petition in Suffolk County Family Court seeking an order of guardianship and special findings that Quezada's father had neglected and abandoned him. Approximately three months before Quezada's twenty-first birthday, the family court issued an order of "Special Immigrant Juvenile Findings," which concluded that Quezada was under twenty-one years old, unmarried, and had been neglected and abandoned by his father since February 2018. App'x at 135. That same day, the family court issued a second order – titled, "Order Appointing

3

Guardian of the Person" – which appointed Quezada's mother as his guardian until his twenty-first birthday. *Id.* at 136–37.

Shortly thereafter, Quezada applied for SIJS by filing an I-360 petition with USCIS, which received his application just two months prior to Quezada's twenty-first birthday. While his SIJS petition was pending, Quezada got married on July 13, 2019, but he never updated his I-360 petition to reflect his marriage. Without knowing Quezada's change in marital status, USCIS approved Quezada's SIJS petition on February 18, 2020.

After attaining SIJS, Quezada then submitted an I-485 application for permanent residence in February 2022. In that application, Quezada acknowledged his July 2019 marriage. Almost a year later, USCIS denied Quezada's application on the ground that he should never have received SIJS in the first place because SIJS is only available for people who are unmarried at the time the SIJS petition is adjudicated.

On July 13, 2023, USCIS *sua sponte* issued a Notice of Intent to Revoke Quezada's SIJS, which asserted that his "petition was approved in error because [he] married . . . on July 13, 2019, before [the agency] approved [his] Form I-360 petition on February 18, 2020." *Id.* at 57. The notice instructed Quezada to

4

submit any evidence in opposition to the proposed revocation within thirty-three days. Quezada's counsel then submitted a one-paragraph response to the notice, dated August 11, 2023, wherein he asserted that Quezada "married when he did as an exercise of his religious freedom." *Id.* at 44.

On July 25, 2023, USCIS *sua sponte* revisited its denial of Quezada's application for permanent residence and offered Quezada the opportunity to submit evidence to rebut the notice. Quezada never submitted additional evidence to rebut the agency's denial of his permanent residence application.

On October 19, 2023, USCIS issued a Notice of Revocation and a Notice of Decision. In the Notice of Revocation, USCIS announced that it had revoked Quezada's SIJS because he was married at the time his SIJS petition was adjudicated. In the Notice of Decision, USCIS informed Quezada that his application for permanent-resident status was denied because his application was predicated on his now-revoked SIJS classification.

Quezada filed a complaint in the Eastern District of New York in April 2023 seeking a declaration that USCIS's denial of his I-485 application was unlawful, an injunction setting aside USCIS's decision denying his I-485 application, an order directing USCIS to approve his I-485 application, and an order preventing USCIS

from taking action that would deprive the district court of jurisdiction. He later amended his complaint in November 2023 to include a request for injunctive relief setting aside USCIS's denial of his I-360 application and for an order directing USCIS to re-approve his I-360 application.

The government moved to dismiss Quezada's complaint, arguing that the district court lacked subject matter jurisdiction over USCIS's decisions pursuant to 8 U.S.C. § 1252(a)(2)(B) and any related constitutional claims pursuant to 8 U.S.C. § 1252(a)(2)(D). The district court agreed, finding that the agency's revocation of Quezada's SIJS under 8 U.S.C. § 1155 and its denial of Quezada's application for permanent residence pursuant to 8 U.S.C. § 1255 were discretionary decisions that were subject to the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B). The district court further held that it did not have subject matter jurisdiction over Quezada's constitutional and legal claims, which are reviewable only by the court of appeals upon a petition to review a removal order pursuant to 8 U.S.C. § 1252(a)(2)(D). This appeal followed.

## II.    Legal Standards

In reviewing a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), "we review legal conclusions *de novo* and factual

6

findings for clear error." *Nouritajer v. Jaddou*, 18 F.4th 85, 88 (2d Cir. 2021). To survive a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a plaintiff must prove by a preponderance of the evidence that subject matter jurisdiction exists. *See id.*

The INA provides various pathways to citizenship for certain "special immigrants," including immigrants who attain SIJS. According to the INA, a special immigrant is one who, among other characteristics, has been placed under the custody of someone appointed by a "juvenile court located in the United States"; cannot viably be reunified with his parent "due to abuse, neglect, abandonment, or a similar basis found under State law"; and receives the consent of "the Secretary of Homeland Security . . . [for] the grant of [SIJS]." 8 U.S.C. § 1101(a)(27)(J). Congress has also provided that the Secretary of Homeland Security may "establish such regulations . . . as [s]he deems necessary for carrying out h[er] authority under the provisions of this chapter." *Id.* § 1103(a)(3). Accordingly, pursuant to 8 C.F.R. § 204.11, a petitioner may be eligible for SIJS if he, among other things, "[i]s under 21 years of age at the time of filing the petition," "[i]s unmarried at the time of filing and adjudication," and "[o]btains consent from the Secretary of Homeland Security to classification as a special

immigrant juvenile." Even if the Secretary of Homeland Security grants a petitioner SIJS, the Secretary may "at any time, for what [s]he deems to be good and sufficient cause, revoke the approval of any petition approved by h[er]." 8 U.S.C. § 1155. However, once a petitioner is granted SIJS, the Secretary of Homeland Security may also, "in h[er] discretion," adjust the immigration status of a special immigrant, including someone with SIJS, to that of a permanent resident if that person meets the requirements set forth in 8 U.S.C. § 1255.

Importantly, courts have limited power to review discretionary agency decisions. *See Patel v. Garland*, 596 U.S. 328, 332 (2022) ("Congress has sharply circumscribed judicial review of the discretionary-relief process."). Indeed, Section 1252 of the INA explicitly strips courts of jurisdiction "to review . . . any judgment regarding the granting of relief under [8 U.S.C. § 1255]" and "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). That said, Congress has expressly provided that nothing in Section 1252 shall "preclude[] review of constitutional claims or questions of law

raised upon a petition for review filed with an appropriate court of appeals." *Id.* § 1252(a)(2)(D).

## III. Discussion

On appeal, Quezada argues that the district court erred in dismissing the amended complaint under Rule 12(b)(1) because his complaint "in no way challenged a discretionary determination of the agency." Quezada Br. at 8. In particular, Quezada asserts that the agency action he is challenging is not the discretionary revocation of his SIJS or the denial of his application for permanent residence, but rather the agency's rulemaking. According to Quezada, USCIS improperly promulgated 8 C.F.R. § 204.11(b)(2) in violation of the Administrative Procedure Act ("APA") because the prohibition against married applicants is not found within the INA. Characterizing this as an APA rulemaking challenge, Quezada contends that agency rulemaking is not a discretionary decision that courts are jurisdictionally barred from reviewing under 8 U.S.C. § 1252(a)(2)(B), and that the district court therefore improperly found that it lacked subject matter jurisdiction over his claims. We disagree.

First, Quezada's argument is foreclosed by his amended complaint, which makes clear that his APA challenge is just a smokescreen for the relief he is really

seeking – individualized review of USCIS's revocation of his SIJS and its denial of his application for permanent residence. Indeed, in his Prayer for Relief, Quezada seeks a declaration that the denial of *his* I-485 application was unlawful, an injunction setting aside USCIS's revocation of *his* SIJS and its denial of *his* application for permanent residence, and an order directing USCIS to approve both *his* SIJS petition and *his* application for permanent residence. When considered on their face, each request is a challenge to the agency's discretionary decision-making and is beyond the jurisdiction of the district court.

With respect to the agency's revocation of Quezada's SIJS, we agree with the district court that judicial review of that decision is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii), which bars judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158 of this title." The agency here revoked Quezada's SIJS pursuant to Section 1155, which by its very terms provides the Secretary of Homeland Security with the discretion to revoke such approval. *See* 8 U.S.C. § 1155 (providing that the Secretary of Homeland Security "may, at any time, for what [s]he deems to be

good and sufficient cause, revoke the approval of any petition approved by h[er] under [S]ection 1154 of this title").  Indeed, the Supreme Court has recently stated that "the revocation provision" of Section 1155 "is a quintessential grant of discretion to the Secretary," *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024), and revocations made pursuant to it are thus unreviewable under Section 1252(a)(2)(B)(ii), *see id.* at 19.  The district court therefore properly determined that it lacked subject matter jurisdiction to review this claim.

The agency's denial of Quezada's application for permanent residence was likewise a discretionary decision that the district court lacked jurisdiction to review.  The INA specifically strips courts of the ability to review "any judgment regarding the granting of relief under [S]ection . . . 1255."  8 U.S.C. § 1252(a)(2)(B)(i).  Here, Quezada relied on Section 1255 when submitting his application for permanent residence.  USCIS's decision to deny Quezada relief under Section 1255 therefore is precisely the sort of discretionary decision that is covered by Section 1252(a)(2)(B)(i) and is beyond the jurisdiction of the district court to review.  Indeed, we reached this very conclusion in *Suqin Xia v. Bondi*, 137 F.4th 85, 93–94 (2d Cir. 2025), holding that "[a] denial of an application for adjustment of status under [section] 1255 is a 'judgment' for purposes of [section]

1252(a)(2)(B)(i)" and that "[section] 1252(a)(2)(B)(i) precludes judicial review of [a] challenge to USCIS's denial of [an] application for adjustment of status under [section] 1255."

Quezada also makes a number of conclusory constitutional and statutory arguments. In particular, he argues that 8 C.F.R. § 204.11's requirement that SIJS applicants not be married violates his constitutional right to freely exercise his religion under the First Amendment to the United States Constitution and the Religious Freedom Restoration Act of 1993.[1] He also asserts that the jurisdiction-stripping provisions of 8 U.S.C. § 1252 "run afoul of Article III's allocation of authority to the Judiciary as well as procedural due process afforded by the Fifth Amendment." Quezada Br. at 15.

Assuming *arguendo* that Quezada raises viable constitutional and statutory arguments regarding USCIS's revocation of his SIJS or denial of his application for

---

[1] Quezada also contends, without any elaboration, that the agency did not properly follow the APA's rulemaking procedures when it added the requirement of unmarried status to Section 204.11. But since Quezada fails to develop this conclusory argument, we deem it forfeited. *See Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) (noting that arguments "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited" (alteration accepted and internal quotation marks omitted)); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (finding pro se litigant waived challenge to district court ruling mentioned "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

permanent residence, our precedent is clear that "constitutional claims or questions of law" arising out of USCIS's denial of discretionary relief "must be raised 'upon a *petition for review filed with an appropriate court of appeals*.'"  *Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(D)).  So even though we – as a Court of Appeals – are not wholly without jurisdiction to review Quezada's constitutional and legal claims, the district court correctly determined that it did not have jurisdiction to review them.  Moreover, because this appeal comes to us directly from the district court, and not as "a 'petition for review' over a final order of removal," we too lack jurisdiction to review Quezada's claims now. *Nouritajer*, 18 F.4th at 90–91 n.1.

*     *     *

We have considered Quezada's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13